**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1518-19

DITECH FINANCIAL, LLC,

      Plaintiff-Respondent,

v.

ELENA EVGLEVSKAYA,
AMERICAN EXPRESS BANK,
FSB, JP MORGAN CHASE
BANK, N.A., UNION FEDERAL
MORTGAGE CORP., KEY
EQUIPMENT FINANCE,
JONATHAN NEIL & ASSOCIATES,
INC., ASSIGNEE OF BANK OF
THE WEST, and BMW FINANCIAL
SERVICES, NA, LLC,

      Defendants,

and

VIATCHESLAV STREKALOV,

      Defendant-Appellant.

_____

Submitted December 13, 2021 – Decided December 23, 2021

Before Judges Vernoia and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-2809-15.

Viatcheslav Strekalov, appellant pro se.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for respondent (John D. Krohn, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Viatcheslav Strekalov appeals from a November 19, 2019 Chancery Division order denying his motion requesting denial of a writ of possession issued following the entry of an order granting plaintiff-mortgagee Ditech Financial, LLC summary judgment and denying defendant summary judgment. We affirm.

I.

This matter comes before us again. We previously affirmed defendant's appeal from the final judgment of foreclosure. Ditech Financial, LLC v. Evglevskaya, No. A-2633-17 (App. Div. July 16, 2019). The chronology is set forth in our unpublished opinion, and we incorporate, by reference, the facts stated there. We briefly summarize the facts taken from the record pertinent to this appeal.

On January 6, 1997, Vitaly Bushteyn (Bushteyn) acquired title to the property located at 11 Shoshone Trail in Wayne (the property) and signed a mortgage with World Savings Bank on January 8, 1997. Bushteyn recorded the deed on January 9, 1997. Bushteyn conveyed title to the property by deed to defendant on October 30, 2003. Defendant then recorded the deed on March 22, 2004, before executing "an open[-]end mortgage in favor or J.P. Morgan Chase Bank." On November 12, 2004, defendant conveyed title to the property by deed to himself and co-defendant Elena Evglevskaya (collectively defendants), which they recorded on December 3, 2004.

Defendants secured a thirty-year $330,000 loan from Coastal Capital Corp d/b/a the Mortgage Shop (Coastal Capital) by executing a mortgage on the property to Mortgage Electronic Registration Systems, Inc. (MERS), a nominee for Coastal Capital. Evglevskaya executed the promissory note as the sole borrower. Defendant used a portion of the funds to pay off the outstanding 1997 loan obtained by Bushteyn.

On May 30, 2012, MERS assigned the mortgage to Bank of America (BANA), which BANA recorded on June 4, 2012. A year later, on June 18, 2013, BANA assigned the mortgage to Green Tree Servicing (Green Tree), and it recorded the assignment on July 12, 2013. Evglevskaya subsequently

defaulted on the loan, and Green Tree filed a foreclosure action on January 26, 2015. Green Tree merged with Ditech Mortgage Corporation and DT Holdings, LLC approximately seven months later. Green Tree then changed its name to Ditech Financial, LLC (plaintiff) following the merger. Following a period of discovery, plaintiff filed motions for summary judgment and to substitute itself as plaintiff in place of Green Tree, which the trial court granted.

During the foreclosure action, defendant filed a third-party action against the Federal National Mortgage Association (Fannie Mae) and BANA. The trial court dismissed the third-party action on June 8, 2016. We affirmed the dismissal in an unpublished opinion, Strekalov v. Bank of Am., N.A., No. A-4360-16 (App. Div. Jan. 11, 2019).

The trial court entered a final judgment order on January 30, 2018, after plaintiff filed a notice of motion for entry of judgment of foreclosure on November 22, 2017. The order provided plaintiff was owed the sum of $546,532.79 and required the property to be sold in order to satisfy the balance owed.

Following our decision affirming the entry of final judgment of foreclosure, defendant filed a motion seeking to stay the sheriff's sale. On July 3, 2019, the judge denied defendant's motion. On July 9, 2019, the sheriff's sale

went forward, and an individual named Maher Kour purchased the property. Defendant subsequently moved to have the judge vacate the sheriff's sale on July 31, 2019, but the judge denied the motion following a hearing on October 16, 2019.[1]  On August 21, 2019, Kour filed a writ of possession relative to the property.  On October 21, 2019, defendant filed a motion to "dismiss the results of the hearing on October 16[], 2019[,] based on a claim that the [c]ourt did not consider certain facts."  The judge construed this motion as one for reconsideration.  Subsequently, on November 6, 2019, defendant filed a motion "to deny [the] writ of possession that was issued to . . . Kour concerning" the property.

On November 19, 2019, the judge heard oral argument on both of defendant's motions.  The judge summarized defendant's main contentions were that "there was a gap . . . when Fannie Mae transferred its rights or [BANA] purported to have acquired rights," and "someone else was to pay" the 1997 mortgage.  The judge held that this was not "the forum to complain about a failure of participants" in the prior litigation.  In addition, the judge reasoned that "the fundamental problem" was defendant previously presented the same arguments to the predecessor Chancery judge, who decided these issues before

---

[1]  Defendant did not provide the transcript from the October 16, 2019 hearing.

A-1518-19

defendant filed his appeal. The prior judge found defendant filed the previous "action alleging fraud but could not provide proof of fraud against [BANA]". The judge explained to defendant that his recourse from our affirmance was to petition the New Jersey Supreme Court, not request "another hearing" and "show . . . there was fraud." Ultimately, the judge concluded his "decision in October, which really was a reconsideration to some degree of what happened prior . . . , was [not] palpably incorrect or irrational or that [he] failed to consider the arguments being made."

As to defendant's motion to deny writ of possession, the judge found "no basis . . . to now undo the [s]heriff's sale." The judge explained defendant had ten days to make an application to object to the sale, "not to reopen the case" and vacate the sale. Consequently, the judge declined to "undo the final judgment and allow [defendant] to relitigate that which was litigated and brought to the Appellate Division" when "[t]here's already an owner of the property." The judge issued two memorializing orders on November 19, 2019— one denying defendant's motion to deny writ of possession and the other denying defendant's motion for reconsideration of the October 16, 2019 order denying his motion to vacate the sheriff's sale. This appeal ensued.

A-1518-19

In his appellate brief, defendant failed to provide point headings in violation of Rule 2:6-2(a)(6).[2] However, from his brief, we interpret his arguments to assert the judge erred because the writ of possession is void; the judge ignored evidence demonstrating fraud; consumer discrimination based on plaintiff's alleged deception upon the court, "American citizens and companies"; and an alleged illegal "transfer of rights" of the note between BANA and plaintiff. Defendant contends the "loan in question" was sold to Fannie Mae, and as of July 1, 2012, BANA was "officially removed from the management of the loan" by Fannie Mae. Defendant seeks to vacate the judgment of foreclosure, the sheriff's sale, and writ of possession. Since we already affirmed the judgment of foreclosure, defendant's other arguments lack merit warranting discussion in a written opinion under Rule 2:11-3(e)(1)(E). We affirm

---

[2] Rule 2:6-2(a)(6) provides:

> The legal argument for the appellant, which shall be divided, under appropriate point headings, [shall be] distinctively printed or typed, into as many parts as there are points to be argued. For every point, the appellant shall include in parentheses at the end of the point heading the place in the record where the opinion or ruling in question is located or if the issue was not raised below a statement indicating that the issue was not raised below.

substantially for the reasons expressed by the Chancery judge and add the following brief remarks.

Appellate courts reviewing a trial court's findings adhere to a well-settled standard of review. "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Gnall v Gnall, 222 N.J. 414, 428 (2015) (citing Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). "Therefore, an appellate court should not disturb the factual findings and legal conclusions of the trial judge unless [it is] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." K.D. v. A.S., 462 N.J. Super. 619, 633-34 (App. Div. 2020) (alteration in original) (internal quotations omitted) (quoting Cesare, 154 N.J. at 412).

We also bear in mind that appellate courts are generally reluctant to interfere with the exercise of judgment by a court of equity, therefore, [a reviewing court] must accord considerable deference to the discretion of the judges who make such equitable rulings. Sears Mortg. Corp. v. Rose, 134 N.J. 326, 354 (1993). "[A] judge sitting in a court of equity has a broad range of discretion to fashion the appropriate remedy in order to vindicate a wrong consistent with principles of fairness, justice, and the law." Graziano v. Grant,

326 N.J. Super. 328, 342 (App. Div. 1999). However, we review the trial court's determinations on legal issues de novo. In re Pantano, 428 N.J. Super. 478, 483 (App. Div. 2013) (citing Manalapan Realty v. Twp. Comm., 140 N.J. 366, 378 (1995)) a trial judge's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Ibid.

"Motions for reconsideration are governed by Rule 4:49-2, which provides that the decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021); Kornbleuth v. Westover, 241 N.J. 289, 301 (2020); Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). Reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010).

A reconsideration motion "cannot be used to expand the record and reargue a motion" but "is only to point out the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." Cap. Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (internal quotation marks omitted) (quoting R. 4:49-2). "In short, a motion for reconsideration provides the court, and not the litigant, with an

9

opportunity to take a second bite at the apple to correct errors inherent in a prior ruling." Medina v. Pitta, 442 N.J. Super. 1, 18 (App. Div. 2015).

Instead, reconsideration

> should be utilized only for those cases which fall into that narrow corridor in which either . . . the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or . . . it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [Palombi, 414 N.J. Super. at 288 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990))].

Thus, we may not disturb a trial court judge's denial of a motion for reconsideration absent an abuse of discretion. Pitney Bowes Bank, 440 N.J. Super. at 382. An "abuse of discretion only arises on [a] demonstration of 'manifest error or injustice,'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the judge's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis," Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

"[F]oreclosure proceedings seek primary or principal relief which is equitable in nature . . . ." U.S. ex rel. U.S. Dep't of Agric. v. Scurry, 193 N.J.

492, 502 (2008). This court reviews a trial court's decision declining to set aside a sheriff's sale under the abuse of discretion standard. See id. at 501-02 (citing First Tr. Nat'l Ass'n v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999)). Rule 4:65-5 governs a motion to vacate a sheriff's sale. The rule requires serving an objection to the sale "within [ten] days after the sale or at any time thereafter before the delivery of the conveyance." R. 4:65-5. "Examples of valid grounds for objection include fraud, accident, surprise, irregularity, or impropriety in the sheriff's sale." Brookshire Equities v. Montaquiza, 346 N.J. Super. 310, 317 (App. Div. 2002) (citing Orange Land Co. v. Bender, 96 N.J. Super. 158, 164 (App. Div. 1967)).

Here, defendant did not move to vacate the sheriff's sale until twenty-two days after the sale took place—twelve days beyond the ten-day requirement set forth in Rule 4:65-5. Kour promptly and rightfully filed a writ of possession thereafter. The judge correctly determined there was an absence of fraud or any other bases to vacate the sheriff's sale or "deny" the writ of possession. Based upon our careful review of the record, we discern no abuse of discretion. Brookshire Equities, 364 N.J. Super. at 317 (citing Orange Land Co., 96 N.J. Super. at 164).

11

Moreover, the prior Chancery judge concluded defendant "could not provide proof of fraud against" BANA. The record supports that determination. Defendant has not provided any evidence or substantive arguments demonstrating the alleged manifest error. Hisenaj, 194 N.J. at 20 (quoting Torres, 183 N.J. at 572). Therefore, we discern no basis to disturb the judge's November 19, 2019 findings or orders.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-1518-19